FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 04, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-CR-00045-RMP-1 |
| Plaintiff, | ORDER FOLLOWING DETENTION REVIEW HEARING |
| v. | |
| ROBERT JOSEPH MCNABB, | **MOTION GRANTED**<br>**(ECF No. 27)** |
| Defendant. | |

At Defendant's January 22, 2018, detention review hearing, Defendant was present, in custody, with Assistant Federal Defender Daniel N. Rubin. Assistant U.S. Attorney Jame A. Goeke appeared for the United States. Both sides presented argument. U.S. Probation Officer Jennifer Frieling was also present.

The Court has reviewed Defendant's Motion for Reconsideration, ECF No. 27, the United States' Response, ECF No. 28, the Pretrial Services Report, ECF No. 8, and the argument of counsel.

As a threshold matter, Defendant must proffer information not previously known to Defendant or his counsel, amounting to a material change in the circumstances considered by the Court in its prior detention determination. 18 U.S.C. 3142(f).

In this Court's order of detention on March 7, 2018, ECF No. 21, the Court stated that should new information regarding stable housing, substance abuse treatment, or mental health treatment become available, that the issue of detention could be presented again. In his motion, Defendant proffers that he has undergone

ORDER - 1

a substance and mental health evaluation by Pioneer Counseling and has been recommended for inpatient treatment. ECF No. 27 at 1. Defendant further advises that he has a secured bed date with Pioneer Center East for such treatment beginning May 7, 2018. ECF No. 27 at 1.

The United States, both at the hearing and in its response, ECF No. 28, expressed concerns that because Pioneer East is not a secured facility, as in Defendant would not be in custody while in treatment there, that the risk of nonappearance and danger to the community presented by Defendant still outweighed his release under 18 U.S.C. § 3142(f).

The Court finds that Defendant has met the required threshold, and that release for the following period on the following conditions reasonably assure defendant's appearance for further proceedings, and the safety of the community. The Court further finds that Defendant has overcome the presumption and orders him released on the following conditions, *PROVIDED* that Defendant's treatment and release from custody is on the express condition that treatment not hinder or delay the adjudication of this case, and that Defendant appear in person when required regardless of treatment status, and maintain adequate contact with defense counsel.

**1.** Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

2. Defendant shall take affirmative steps to re-open his lapsed social security benefits.

3. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation

Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

4. At the conclusion of the inpatient treatment, Defendant is to provide the Court with a report by mental health professionals at the inpatient treatment center, including any recommendations for further treatment.

5. Defendant is to be released from the Spokane County Jail to a representative of Pioneer Center East, on or around **1:00 p.m. on Monday, May 7, 2018**.

6. Defendant is to reside at Pioneer Center East and comply with all rules of the program.

7. If Defendant leaves Pioneer Center before treatment is completed, or for any reason ceases to remain at the Center, he is to immediately notify United States Probation, and the United States Marshal.

8. Upon completion of treatment, Defendant shall be returned to custody of the U.S. Marshal, absent further order of the Court.

**IT IS SO ORDERED.**

DATED May 4, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE