FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT JOSEPH MCNABB,<br><br>Defendant. | No. 2:18-CR-00045-RMP-1<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING AND SETTING CONDITIONS<br><br>**MOTION GRANTED**<br>**(ECF No. 34)** |

At Defendant's June 11, 2018, detention review hearing, Defendant was present, out of custody, with counsel Peter Schweda. Assistant U.S. Attorney Patrick Cashman appeared for the United States. Both sides presented argument. U.S. Probation Officer Erik Carlson was also present.

The Court has reviewed Defendant's motion to reconsider, ECF No. 34, and the argument of counsel.

As a threshold matter, Defendant must proffer information not previously known to Defendant or his counsel, amounting to a material change in the circumstances considered by the Court in its prior detention determination. 18 U.S.C. 3142(f).

ORDER - 1

Defendant argues that the new information, namely his successful completion of inpatient treatment, his secured bed date at a sober living facility, and his continued efforts to access mental health treatment, has a material bearing on the issue of whether or not release conditions can be fashioned for Defendant pursuant to 18 U.S.C. § 3142(f).

The United States argued that the sober living facility is not an appropriate release address because it is not a locked down facility and Defendant's criminal history includes numerous failures to appear. In the event of release, the United States requested electronic location monitoring and a curfew be imposed.

The Court finds that Defendant has met the required threshold. Defendant chose to complete inpatient treatment at a facility where he could have voluntarily left at any time. Defendant is a Spokane native with no apparent contacts elsewhere, a fact which does not make his astonishing history of failures to appear more palatable, but under these circumstances suggests that a failure to appear does not equate to flight. Further, Defendant has arranged for continued outpatient treatment to begin next week, as well as secured an appointment for mental health treatment, and taken steps to restart his Social Security benefits.

Therefore, Defendant's motion, **ECF No. 34**, is **GRANTED**. Defendant is continued on release pursuant to the conditions below:

### STANDARD CONDITIONS OF RELEASE

**(1)** Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(5)** Defendant shall not possess a firearm, destructive device or other dangerous weapon.

**(6)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)** Defendant shall contact defense counsel at least once a week.

**(8)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**(10)** Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

## ADDITIONAL CONDITIONS OF RELEASE

**(14)** Defendant shall remain in the Eastern District of Washington while the case is pending. By timely motion clearly stating whether opposing counsel and Pretrial Services object to the request, Defendant may be permitted to travel outside this geographical area.

**(15)** Avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(17)** Undergo a mental health evaluation and complete any recommended follow-up treatment as directed by pretrial services.

**(24) Substance Abuse Evaluation**: Defendant shall participate in a substance abuse evaluation and recommended treatment, as directed by Pretrial Services.

**(27) Prohibited Substance Testing**: **If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.** Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing.

### HOME CONFINEMENT/ELECTRONIC/GPS MONITORING

**(28)** Defendant shall participate in one or more of the following home confinement program(s):

**Electronic Monitoring**: The Defendant shall participate in a program of electronically monitored home confinement. The Defendant shall wear, at all times, an electronic monitoring device under the supervision of U.S. Probation. In the event the Defendant does not respond to electronic monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

OR

**GPS Monitoring**: The Defendant shall participate in a program of GPS confinement. The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

AND

**Curfew**: Defendant shall be restricted to his approved residence every day from 7:00 p.m. to 7:00 a.m.

**(31)** **Other**: Defendant shall reside at the Oxford Sober Living House and shall immediately notify his supervising pretrial officer and his attorney before changing his residence.

**(32)** **Other**: Defendant shall take all necessary steps to re-open his lapsed social security benefits.

If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to insure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED June 11, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 5